UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY OLSON,

        Plaintiff,                      CIVIL ACTION NO. 12-13442

vs.

                                        DISTRICT JUDGE SEAN F. COX

MERRILL LYNCH CREDIT         MAGISTRATE JUDGE MONA K. MAJZOUB
CORPORATION, and PHH
MORTGAGE SERVICES
CORPORATION,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** Defendants' motion to dismiss (docket no. 8) should be granted and Plaintiff's Complaint should be dismissed.

**II.    REPORT:**

Before the Court is the motion to dismiss filed by Defendants Merrill Lynch Credit Corporation ("Merrill Lynch") and PHH Mortgage Services Corporation ("PHH") on September 10, 2012. (Docket no. 8). Plaintiff filed a response. (Docket no. 12). The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 10). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is ready for ruling.

**A.    Facts and Procedural History**

Plaintiff obtained a loan from Defendant Merrill Lynch on November 10, 2005 in the amount of $284,000 and in turn executed a mortgage on behalf of Merrill Lynch in property located at 21027 Parkwoods Drive in South Lyon, Michigan. (Docket no. 1, ex. 2). The mortgage was recorded in December 2005. Defendant PHH serviced the loan. Plaintiff claims that she sent Defendants a loan modification packet in June 2008 after she began having difficulty making mortgage payments. (Docket no. 1 at ¶ 8). She claims that she was informed by Defendants in November 2008 that they had lost her loan modification package. Consequently, she alleges that she "again began sending loan modification application packages," claiming that she submitted a total of ten modification packages. (Docket no. 1 at ¶¶ 8, 15). According to Defendants, Plaintiff defaulted on her loan beginning on May 1, 2009. (Docket no. 10, brief at p. 1 and ex. B).

Defendants claim they retained Trott & Trott to foreclose the mortgage in September 2009. (Docket no. 10, ¶ 10). They state that Trott & Trott sent an acceleration letter to Plaintiff on September 17, 2009. Defendants state that Trott & Trott also sent Plaintiff a letter pursuant to Mich. Comp. Laws § 600.3205a informing her of her right to meet with a designated agent to discuss a possible loan modification. In the complaint, Plaintiff alleges that she was notified by Trott & Trott on September 24, 2009 that her home was set for sheriff's sale on October 2, 2009. (Docket no. 1, ¶ 9). The parties agree that Plaintiff exercised her right to meet with a designated agent to pursue the possibility of a loan modification. In advance of the meeting, Plaintiff submitted financial information to Defendants and Trott & Trott. (Docket no. 1, ¶ 10-11; Docket no. 10, brief at ¶ 13).

On November 9, 2009, Plaintiff and her attorney met with a Trott & Trott attorney who was identified as the designated agent in the section 3205a notice. Defendants claim that at the conclusion of the meeting they took the matter under advisement for a considerable amount of time.

The parties agree that Plaintiff was notified on or around January 6, 2011 that she did not qualify for a loan modification. Defendants show that they posted a notice of sale on the front door of Plaintiff's property on January 15, 2011. The notice stated that a foreclosure sale would be held on February 15, 2011 on a $309,146.26 mortgage default. (Docket no. 10, ex. F). Defendants also contend that they published notice of the foreclosure sale although the record does not contain evidence of publication.

Plaintiff claims that she attempted to secure a short sale of her home but Defendants would not respond to offers from buyers. She also claims that she informed Defendants that her monthly income had increased, but they "refused to properly review [her] for a modification under federal guidelines." (Docket no. 1, ¶ 18). On February 15, 2011 the property was sold at a sheriff's sale. Defendant Merrill Lynch was the successful bidder at $314,502.57. The last day to redeem the property was August 15, 2011. (Docket no. 10, ¶ F). Plaintiff did not redeem the property.

Plaintiff alleges that she received a letter from Merrill Lynch dated August 25, 2011 stating that her loan modification had been denied because of an incomplete loan package. She claims she attempted to discuss loan modification options with Defendants without success. She also contends that her tax records, and specifically IRS form 1099-A, shows that Wells Fargo, N.A. and not Merrill Lynch is the lender on her loan.

Defendant Merrill Lynch filed summary eviction proceedings in state court on January 13, 2012. In defense of that action Plaintiff filed a counterclaim that was substantially identical to the instant action. Plaintiff's counterclaim was dismissed for lack of subject matter jurisdiction, so she filed the instant complaint in state court. Defendants removed the complaint to this Court on August 6, 2012. The complaint asserts the following counts: (1) Fraudulent Inducement and

Misrepresentation, (2) Promissory Estoppel, (3) Violation of Mich. Comp. Laws § 600.3205, et seq., (4) Violation of Defendants' Contractual Obligation to Evaluate Plaintiff's Loan Pursuant to the Federal Home Affordable Modification Program and the Economic Stabilization Act of 2008, (5) Lack of Standing to Foreclose under Mich. Comp. Laws § 600.3204 and Wrongful Foreclosure as to Defendant Merrill Lynch Credit Corporation, and (6) Exemplary Damages.

**B.     Standard**

Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Id*. The complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level;' they must 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

While the court is obligated to take all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions that are masquerading as factual allegations. *Id*. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if

4

they are referred to in the plaintiff's complaint and are central to [her] claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**C.     Analysis**

Defendants attached a number of exhibits to their motion to dismiss. Of those exhibits, the Court has reviewed only the mortgage; the September 17, 2009 acceleration letter; the section 3205a notice; the January 6, 2011 letter from Trott & Trott and Loan Modification Qualification Sheet; and the Sheriff's Deed, Evidence of Sale, and Affidavit of Purchaser. (Docket no. 10, exs. A, C, D, E, F). Plaintiff attached some but not all of these same documents to her complaint. As to those she did not attach, the undersigned concludes that the above identified documents are referred to in the complaint or are central to Plaintiff's claims and may be considered by the Court without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56.

*1.     Fraudulent Inducement and Misrepresentation*

Defendants first contend that Plaintiff's fraudulent inducement and misrepresentation claim fails to comply with Federal Rule of Civil Procedure 9. Federal Rule of Civil Procedure 9(b) imposes an obligation on any plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirement of Rule 9(b), the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and internal quotation marks omitted). At a minimum, the plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.* The plaintiff "also must allege facts from

5

which it could be concluded that [her] reliance was reasonable." *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations.").

Plaintiff alleges fraudulent inducement and misrepresentation. Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendant made a material misrepresentation; (2) that was false; (3) that when he made it he knew that it was false, or he made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Plaintiff alleges in the complaint that Defendants advised her that they lost her loan modification package, informed her through foreclosure counsel that her home was set for sheriff's sale, requested paperwork from her during the meeting set to discuss modification options, refused to modify her loan, informed her that she did not make enough money to qualify for a loan modification then informed her that she made too much money, notified her through foreclosure counsel that she did not qualify for a modification, refused to respond to her short sale offers, and

6

informed her that her loan modification had been denied. (Docket no. 1, at ¶¶ 8, 9, 12, 13, 15, 16, 17, 19). She also claims that Defendants promised to review Plaintiff's mortgage for a potential modification yet refused to do so under the federal guidelines and instead moved her loan into foreclosure and sheriff's sale in violation of Mich. Comp. Laws § 600.3205c. (Docket no. 1, at ¶¶ 18, 25; Docket no. 12).

Plaintiff's allegations fail to meet the particularity requirements of Rule 9(b). In the complaint Plaintiff failed to allege the time, place, speakers, or why statements made by Defendants were fraudulent. Instead, she alleges that Defendants notified her on several occasions that they were denying her loan modification request. She also does not allege particular facts to show why Defendants' "promise" to review her mortgage for a potential modification was fraudulent when Plaintiff met with an agent designated under section 3205a for the purpose of discussing loan modification options and the agent requested documentation from her to support her application. Defendants were not obligated to approve Plaintiff's loan modification request. Indeed, even if Defendants had determined that Plaintiff qualified for a loan modification, they still had the right to refuse to modify the loan and proceed with a judicial foreclosure. Mich. Comp. Laws § 600.3205c(6). Moreover, the statute of frauds precludes any claim for relief based on an oral promise. Therefore, insofar as Plaintiff is seeking to enforce some oral promise by Defendants regarding the terms of the loan or loan modification, the statute of frauds bars her claim. *Talton v. BAC Home Loans Serv. LP*, 839 F. Supp. 2d 896, 911 (E.D. Mich. 2012) (citing Mich. Comp. Laws § 566.132(2)).

As for Plaintiff's claim that she is entitled to relief because Defendants moved her loan into foreclosure and sheriff's sale in violation of Mich. Comp. Laws § 600.3205c, the statute provides

7

that in the event the mortgage holder or mortgage servicer begins foreclosure proceedings in violation of section 3205c, the borrower may file an action in circuit court to convert the foreclosure proceeding into a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8). Plaintiff has not alleged that she filed such an action and there is no provision in the statute that would permit the Court to grant Plaintiff the relief she requests, which includes an order to set aside the sheriff's sale, declare the mortgage foreclosure void ab initio, and order Defendants' to evaluate Plaintiff's loan in accordance with the Home Affordable Modification Program (HAMP).

The Court recommends that Plaintiff's fraudulent inducement and misrepresentation claim be dismissed.

*2.     Promissory Estoppel*

Next, Plaintiff alleges in her complaint that Defendants represented to her that her loan was being reviewed for a trial modification agreement under HAMP. The complaint states that Plaintiff relied upon Defendants' promise and believed such a review would prevent a mortgage foreclosure and the loss of her home.

Under Michigan law, the elements of promissory estoppel are: (1) a promise, (2) that the promisor should reasonably have expected to induce definite and substantial action on the part of the promisee, and (3) which in fact produced reliance or forbearance of that nature to such an extent that the promise must be enforced if injustice is to be avoided. *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich Ct. App. 1999) (citation omitted). "Promissory estoppel requires an actual, clear, and definite promise." *Charter Twp. of Ypsilanti v. Gen. Motors Corp.*, 506 N.W.2d 556, 559 (Mich. Ct. App. 1993). Courts must be careful to apply the doctrine only where the facts

are unquestionable and the wrong to be prevented undoubted. *Novak*, 599 N.W.2d at 552 (citation omitted).

Plaintiff's promissory estoppel claim fails to state a plausible claim for relief. Plaintiff alleges only that she was told that her loan was being considered for a trial modification under the Home Affordable Modification Program (HAMP). She does not allege facts to show that she was told that she qualified for the trial program or that she was informed that she qualified for an actual HAMP loan modification. Even if she had alleged such facts, an oral promise alone is not sufficient because the promissory estoppel claim is subject to the statute of frauds. *Helmus v. Chase Home Fin., LLC*, No. 11-1016, 2012 WL 3704977, at *8 (W.D. Mich. Aug. 27, 2012).

The Court recommends that Plaintiff's promissory estoppel claim be dismissed.

*3.     Violation of Mich. Comp. Laws § 600.3205*

Next, Plaintiff argues that Defendant Merrill Lynch violated Mich. Comp. Laws § 600.3205 by failing to enjoin the sheriff's sale until modification negotiations were completed and by failing to provide Plaintiff with any legitimate reason why her loan was not modified.

Mich. Comp. Laws § 600.3205a(1)(d) states that within thirty days after the section 3205a notice is sent, the borrower may request a meeting to attempt to work out a loan modification of the mortgage loan to avoid foreclosure. If the borrower requests such a meeting, foreclosure proceedings may not be commenced until ninety days after the date the notice is mailed to the borrower. Mich. Comp. Laws § 600.3205a(1)(e). Before ninety days after the section 3205a(1) notice is sent or ten days after the meeting between the borrower and the designated individual, whichever is later, the designated person must provide the borrower with a copy of any calculations made by the person. Mich. Comp. Laws § 600.3205c(5). The mortgage holder or mortgage service

9

provider may elect to initiate foreclosure proceedings even if the borrower is found to be eligible for a loan modification if they proceed by way of judicial foreclosure rather than foreclosure by advertisement.

Here, the section 3205a notice was mailed in or around September 17, 2009 and the sheriff's sale was not held until February 15, 2011, with the notice of sale being posted at the property in January 2011. Even if a violation of Mich. Comp. Laws § 600.3205 occurred, Plaintiff's only remedy for such a violation was to file an action in the appropriate circuit court to convert the foreclosure proceeding to a judicial foreclosure. Mich. Comp. Laws § 600.3205c(6). The Court cannot grant Plaintiff the relief she requests. Accordingly, Plaintiff's claim for violation of Mich. Comp. Laws § 600.3205 should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

*4.    Violation of Defendants' Contractual Obligation to Evaluate Plaintiff's Loan Pursuant to the Federal Home Affordable Modification Program and the Economic Stabilization Act of 2008*

Plaintiff alleges that Defendant Merrill Lynch executed a contract with the federal government to perform loan modifications on all loans in accordance with the HAMP program. She further claims that Defendant Merrill Lynch refused to modify her loan despite the fact that she met the criteria for the HAMP program. Courts have consistently held that HAMP does not provide a private cause of action. *See Matthews v. Wells Fargo Bank, N.A.*, No. 11-14711, 2012 WL 5379585, at *2 (E.D. Mich. Oct. 31, 2012) (citing cases). Accordingly, the Court recommends that this claim be dismissed.

*5.    Lack of Standing to Foreclose under Mich. Comp. Laws § 600.3204 and Wrongful Foreclosure as to Defendant Merrill Lynch Credit Corporation*

Plaintiff alleges in the complaint that Merrill Lynch securitized the loan and at the time of securitization received full payment on the loan while at the same time conveying all interest in the mortgage to MERS and interest in the note to the next company in the securitization process. Plaintiff also alleges that her IRS form 1099-A identifies Wells Fargo and not Merrill Lynch as the lender. Finally, she claims that the foreclosure was based on an invalid default. For these reasons she alleges that Defendant Merrill Lynch had no standing to pursue the foreclosure by advertisement.

Mich. Comp. Laws § 600.3204(1)(d) states that a party foreclosing the mortgage by advertisement must be the owner of the indebtedness or the owner of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage. Factual assertions in the complaint and the mortgage agreement attached to the complaint show that Merrill Lynch is the lender and owner of the indebtedness. The parties do not allege or show that Merrill Lynch executed a valid assignment of interest. The parties also agree that Defendant PHH serviced the loan. The record shows that Trott & Trott initiated foreclosure proceedings as a representative of Defendant PHH. (Docket no. 10, ex. C). Apart from the above, courts have rejected the argument that securitization of a mortgage severs interest in the property. *Jones v. Bank of Am.*, No. 12-11608, 2012 WL 5412236, at *3 (E.D. Mich. Nov. 6, 2012) (citing cases).

As for Plaintiff's argument that the default was invalid presumably because Defendant Merrill Lynch caused the default to occur, the Court is not convinced. Plaintiff states in her complaint that she began having difficulty making mortgage payments. She does not claim that she challenged the foreclosure by advertisement because the default was invalid, nor has she argued that she made any effort to convert the foreclosure by advertisement into a judicial foreclosure. More

importantly, she has not alleged plausible facts to support her assertion that Defendant Merrill Lynch somehow caused the default to occur. The Court recommends that Plaintiff's claim based on lack of standing and wrongful foreclosure be dismissed.

6. *Exemplary Damages*

Count six of the complaint requests an award of exemplary damages based on the allegation that Defendants acted in a malicious, willful or wanton manner. The Court recommends that count six be dismissed along with all other claims in this case.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 25, 2013                s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 25, 2013                s/ Lisa C. Bartlett
                                     Case Manager