**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SHELLY OLSON,

       Plaintiff,

v.                                                                                  Case No. 12-cv-13442

MERRILL LYNCH CREDIT CORPORATION,                  Sean F. Cox
PHH MORTGAGE SERVICES CORPORATION,                 District Court Judge

       Defendants.                                          Mona K. Majzoub
                                                                                    Magistrate Judge

_____/

**OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

      Before the Court is Plaintiff Shelly Olson's ("Olson") objections to Magistrate Judge Mona K. Majzoub's Report and Recommendation, which recommends that this Court **GRANT** Defendants Merrill Lynch Credit Corporation ("Merrill Lynch") and PHH Mortgage Services Corporation's Motion to Dismiss. Olson's objections challenge, among other things, the foreclosure and sale of her home. Merrill Lynch is the home loan lender and mortgagee in this action, while PHH Mortgage Services Corporation is the loan servicer.

      The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Majzoub's Report and Recommendation [Docket Entry No. 14].

1

**BACKGROUND**[1]

On November 10, 2005, Olson executed a mortgage with Defendant Merrill Lynch for property located at 21027 Parkwoods Dr., South Lyon, MI 48178. (Docket Entry No. 1, at 9–10.) The mortgage was executed in exchange for a $284,000 home loan. (*Id.* at 24.) Starting in June 2008, after Olson ran into financial difficulties, she started submitting the first of, at least, ten loan modification applications. (*Id.* at 10, 11.) Olson eventually defaulted on her loan on or around May 1, 2009. (Docket Entry No. 14, at 2.) Olson contends that her loan modification applications were denied in bad faith and in violation of federal guidelines and that her "MCL 600.3205c letter with calculations [was sent] over a year after the in person mediation meeting pursuant to Michigan's loan modification statute." (*Id.* at 10–11; Docket Entry No. 12, at 14; Docket Entry No. 14, at 3.)

On February 15, 2011, the property was sold to Merrill Lynch at sheriff's auction. (Docket Entry No. 14, at 3.) Olson never exercised her statutory right of redemption.

Olson contends that her 1099-A tax filing lists Wells Fargo, N.A., not Merrill Lynch, as the original lender of her home loan. (Docket Entry No. 1, at 80–81; Docket Entry No. 15, at 11.)

On May 29, 2012, Olson filed this action in the Oakland County Circuit Court. (Docket Entry No. 1, at 8.) Thereafter, Merrill Lynch removed this action to this Court based on diversity jurisdiction. (Docket Entry No. 1, at 1–4.)

**STANDARD OF REVIEW**

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) seek dismissal of a Complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P 12(b)(6).

---

[1] For a more complete statement of facts and procedural history, see the Report and Recommendation.

"[A] complaint survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949.

## ANALYSIS

Olson alleges that Magistrate Judge Majzoub's Report and Recommendation (1) did not address her fraudulent inducement claim (2) did not analyze the relationship between M.C.L. § 600.3205 and its mandatory compliance under M.C.L. § 600.3204, and (3) incorrectly determined that Merrill Lynch had standing to foreclose on the property. (Docket Entry No. 15, at 6–11.)

**A.     Olson's Fraudulent Inducement Claim.**

Olson alleges that the Report and Recommendation does not analyze her fraudulent inducement claim. (Docket Entry No. 15, at 6–7.)

"Fraud in the inducement occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Begola v. Wild Brothers*, 210 Mich. App. 636, 639, 534 N.W.2d 217 (1995). "To establish a fraud in the inducement, a party must show that '(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage."

*See Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 274 Mich. App. 239, 242–43, 733 N.W.2d 102 (2007) (internal quotation omitted).

To plead claims of fraudulent inducement and fraudulent misrepresentation, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  To satisfy this requirement, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008).  At a minimum, a plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.*

Even though the Report and Recommendation does not set out the elements of fraudulent inducement, it does address all of Olson's allegations of fraud as they relate to Olson's fraudulent inducement claim and Federal Rule 9(b).  Accordingly, for the reasons mentioned in the Report and Recommendation, Olson has not sufficiently pleaded fraud, with particularity, including Olson's allegations of fraud as it relates to her fraudulent inducement claim, pursuant to Federal Rule of Civil Procedure 9(b).

**B.      Loan Modification–Michigan Statute.**

In her Complaint, Olson alleges violations of Michigan's loan modification statute, M.C.L. § 600.3205, *et seq.*, by Merrill Lynch's failure to (1) enjoin the sheriff's sale until modification negotiations were completed and (2) provide Olson with any legitimate reason why her loan was not modified. (Docket Entry No. 1, at 14–15.)  In her response to Defendants' Motion to Dismiss, Olson also alleges that "Defendants ignored the statutory mandate of MCL 600.3205c and attempted a feeble remedial attempt for compliance by sending a MCL 600.3205c letter with calculations over

a year after the in person mediation meeting. The statute clearly states the letter should be sent within ten days of the mediation meeting." (Docket Entry No. 12, at 14.) (internal citations omitted).

The Report and Recommendation recommends that this claim should be dismissed because Olson's only remedy was to convert the foreclosure proceeding into a judicial foreclosure, which she failed to do prior to the foreclosure sale. (Docket Entry No. 14, at 9–10.) Olson objects to the Report and Recommendation, asserting that, because Merrill Lynch did not comply with M.C.L. § 600.3205, *et seq.*, it could not possibly have complied with M.C.L. § 600.3204. (Docket Entry No. 15, at 8–10.)

This Court agrees that Olson's only remedy was to convert the foreclosure proceedings into a judicial foreclosure. "[T]he loan modification statute 'does not require [a lender] to modify any specific loan, and it does not provide any basis for unwinding the foreclosure . . . .' Rather, the sole remedy in the statute for commencing a foreclosure in violation of the loan modification procedures is for the mortgagor to convert a foreclosure by advertisement into a judicial foreclosure before it is completed." *Akinwusi v. Fed. Home Loan Mortg. Corp.*, No. 12-15185, 2013 WL 1282018, at * 7 (E.D. Mich. March 27, 2013); *see also Saroki v. Bank of New York Mellon*, No. 12-cv-13961, 2012 WL 5379169, at * 6 (E.D. Mich. Oct. 31, 2012); *Mitchell v. Wells Fargo Bank, N.A.*, No. 12-cv-12523, 2013 WL 210701, at * 6–7 (E.D. Mich. Jan. 18, 2013); *Clark v. Bank of Am.*, No. 12-cv-13034, 2013 WL 3069305, at * 7 (E.D. Mich. June 18, 2013). Thus, "even if the defendant had a duty to complete the loan modification process and send a denial letter with the required calculations before the sheriff's sale, the plaintiff[] [is] . . . no longer entitled to any statutory relief, which is limited to converting a foreclosure by publication into a judicial foreclosure." *Pettey v.*

5

*CitiMortgage, Inc.*, No. 11-cv-13779, 2012 WL 3600342, at * 9 (E.D. Mich. Aug. 21, 2012). Furthermore, Olson has not alleged any facts in her Complaint suggesting that she was prejudiced in anyway by a structural defect in the foreclosure proceedings under *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012). "[A] breach of the loan modification statutes does not preclude a bank from foreclosing. Rather, it gives the plaintiff an option to convert a foreclosure by advertisement proceeding to a judicial foreclosure. Thus, a violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity under *Kim*." *Acheampong v. Bank of New York Mellon*, No. 12-cv-13223, 2013 WL 173472, at * 7–8 (E.D. Mich. Jan. 16, 2013) (internal citations omitted); *see also Rugiero v. Flagstar Bank, FSB*, No. 11-cv-12312, 2013 WL 1316910, at * 10 (E.D. Mich. March 29, 2013).

### C.     Merrill Lynch Had Standing to Foreclose on the Property.

Olson contends that "[i]n light of [her] 1099-A, that identifies Wells Farg[o] as the lender on the mortgage loan, it raises questions of fact as to whether Defendant Merrill Lynch had standing to effectuate the foreclosure under MCL 600.3204." (Docket Entry No. 15, at 11.)

Michigan Compiled Laws Section 600.3204(1)(d) states that a "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." M.C.L. § 600.3204(1)(d).

Here, the Complaint and the mortgage state that Olson entered into a mortgage with Merrill Lynch. (Docket Entry No. 1, at 9, 23–24.) There is nothing indicating that Merrill Lynch executed an assignment. Likewise, for the purposes of M.C.L. § 600.3204(1)(d), there is no evidence suggesting that Trott & Trott did not initiate foreclosure proceedings as a representative of PHH Mortgage Services Corporation, the loan servicer. (Docket Entry No. 8, at 51; Docket Entry No.

14, at 11.)

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **Accepts and Adopts** Magistrate Judge Majzoub's Report and Recommendation [Docket Entry No. 14]. Olson's objections are **DENIED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 2, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 2, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager
